My name is Tom Beck and I represent Mr. Agner on the appeal before you. My appeal concerns what I consider to be the overreaching of the heck doctrine in a case that was factually distinguishable from all others that we were able to find. But they do arise out of the same factual circumstances, don't they, counsel? Well, that it happened in the same time window, yes, that's true. The distinction that's important to make that is the second offense for which the conviction exists took place after the original seizure, which was being challenged as unconstitutional. I don't think there's any authority that supports the fact that if you are arrested and then drugs are found on your person after the arrest, or there's a warrant found after you've been taken into custody, and you're convicted on those later discovered items, then you can't go back and challenge the original arrest as lacking probable cause. And the authorities that I've set forth in this brief from all over the nation and most of the districts take that position. But that overlooks that you've got a plea to the 647 church. There was no plea. I'm sorry? There was no plea to the 647. The 647. This is the distinguishing feature. There was a plea agreement that resulted in dismissal of the 647 charges upon conditions being satisfied, which were satisfied. And in lieu of that, you have a conviction on the, I can't remember the number, 415 charge, right? Yes. There was a 415 that was sub 2 and a factual basis existed. There was a plea agreement that involved both charges and resulted in the 647 charge being dismissed if certain conditions were satisfied. Isn't that correct? That is correct. Right. That being the case, it's wrapped up, the 647 charge was wrapped up in the plea agreement. You've got a, you did not prevail on that. There's no, it wasn't resolved favorably to you. So therefore, Heck bars a claim that's based on the whole range of conduct. Only if you have a conviction that calls it into question. That's the heart of Heck. It doesn't say conviction. You're, you're, you are, it's all wrapped up in the plea agreement. It did not result in a favorable termination to your client. Well, I don't want to use malicious prosecution terms. I'm talking about. Well, but that's the whole theory of Heck. That's the rationale on which it's based. And I don't see how you can escape that. Well, I thought I had distinguished all the cases that went there. I have a, I have an out and out dismissal of the arrested charge. And if I were to prevail on the 647F false arrest claim, I don't know that anyone can say that that would impugn the 415 conviction. It doesn't. Because factually it occurred after the seizure that's being constitutionally challenged. The other point I want to make, and I'm going to reserve some of my time, and that is the trial court's misapplication of the Heck doctrine to the non-federal false arrest claim. I don't think there's any dispute that California doesn't apply Heck to false arrest. In fact, California law, if there's been a plea bargain, as there was in this particular case, does not allow collateral estoppel or the principles of rescue to cut it to a bar of false arrest. Let's argue one, though. Let's say that Heck doesn't apply. Doesn't the 415 conviction serve as a separate bar to your 1983 claim? Under 1983? You mean the federal claim only? Yeah. The same factual circumstances, he was convicted on that. The fact that he was convicted, doesn't that bar your 1983 claim? No, sir. The distinction I'm drawing is that what's being challenged, that is the unconstitutional arrest seizure in the first instance for this alleged 647-F, is what's being challenged. But aren't you conflating this? I mean, the reality is this all arose out of the same common set of facts. I realize you want us to parse, you know, draw some kind of imaginal wall somewhere in the process, but the reality is it all occurred as part of the same arrest sequence. And you pled to 415, which arose out of the same factual circumstances. So my question to you is, even if we adopt your theory that Heck does not bar something here, isn't your 1983 claim barred by the 415 plea? I don't think so. Why is that? Because that conviction isn't being challenged by the Fourth Amendment claim that's being asserted. The initial seizure is what's being asserted. And that's where you're trying to draw the imaginal line with respect to the time sequence. You're saying that from minute one through two, we're not going to talk about that anymore. We're going to talk about something else, minutes three and four. And I don't see how we do that as part of a single process, is it not? We have a videotape in this case that demonstrates quite plainly that when the noise, the 415, if it were to occur at all, was while in custody. This man was harping about the fact that he'd been taken in unlawfully. You can't bootstrap, in my view, Heck to make an illegal arrest based on a conviction that has to do with something that occurred after the seizure. That is independent. And there's no conviction that reaches that initial seizure. If we were to have a jury be convinced that the officers made probable cause up for the 647F and we won a damages claim on that, how could that in any way impugn the conviction for the infraction? It can't. And that's the point I was making to this Court and to the Court below. Essentially, and there are many, many cases. I mean, you don't have, you can get a conviction and there are, you can, conviction and probable cause for the arrest are really two separate concepts. And Heck, in my view, in the 7th. Not in my view. If they're the same thing, they're not. If they were the same thing, they're not. I'm not understanding. Well, there's no, I mean, the conviction is for, he either had probable cause and he was convicted as he said he was. I mean, there's no difference here. They didn't discover anything that gave rise to probable cause after the original arrest that separates it out. So the conduct and the probable cause in this case are, in fact, the same thing. Well, I respectfully disagree because you're either probable cause for 647F is not the same as for 4152. And if you have probable cause for 647F. Not as much. I'm sorry? Not as much. I mean, it's just a lesser included offense. That's where you get off the hook. I mean, you get a little worse record, a little less bad record. Well, the distinction I'm making is that if you follow strictly probable cause rules, the elements of the 647F have to exist. If the officer is taken into custody for that charge, and he alleges that was a retaliatory arrest because he said something to the officers they didn't like, and then they arrest him and he howls about the fact that he's been arrested, as you can all see on the videotape, and he eventually takes a plea offered to him by a district attorney that no officer even considered, how does the attack on the 647F arrest, in my view, could never impugn that conviction? It could never – I mean, any way you look at it, from any angle, success on the claim against the officers for the manufactured probable cause on the F charge would never call into question his conviction. And there are many, many such cases that go that way. And I want to keep in mind that there is – even if this Court doesn't agree with me on the federal claim, the non-federal claim clearly is something that needs to be reversed because HECC has no basis for common law false arrest in California. Save your time. I'll reserve a little. Okay, thanks. Mr. Harrell. Good morning, Your Honors. It pleases the Court. I'm Shell Harrell. I am here for the city of Hermosa Beach, and I am here to respond to what my client sees as a full frontal assault on the HECC case. The HECC case has been on the books for some time now, and it does deal with the false arrest claim that is being asserted by the plaintiff in this case, which says in common sense terms what the plaintiff is saying. There is no constitutional reason to arrest me. He was arrested on July 4th of 2003, but he was convicted of criminal charges arising out of that arrest, 415 charges. HECC v. Humphrey says if you want to have a false arrest claim, if you view yourself as a prospective plaintiff, what you must do is you must prevail on the criminal charges against you arising out of the arrest. This plaintiff did not do that. Instead, he chose to take a plea bargain deal. As the record is clear, he took the benefit of that deal, and now having taken the benefit of the plea bargain down to an infraction, he now wants to come into court and say, well, they didn't get me on the 647F. That must be a made-up charge. Now I want to sue for money. That's not how HECC works. You must prevail on your arrest. You must show that you were innocent. You must win. This plaintiff did not do that, and we're hearing a lot of creative and novel arguments from the other side if they are accepted. Mr. Beck also suggests that the state law claims are not touched by HECC. That isn't really true. Your Honor, beyond versus City of Sacramento, doesn't that squarely hold that HECC does apply to state law claims? Your Honor, that is true, and there is more. I was proud to be the lawyer for the City of Lake Forest. In SUSAG versus City of Lake Forest, which is reported in the California system at 94 Cal Up 4th, 1401, I argued in front of the California Court of Appeal that the Supreme Court and the Ninth Circuit have both closed the door, in effect, to plaintiffs who are convicted on criminal charges to false arrest claims. Now it's your turn. What does California want to do? Do you want to leave the door open? Do you want to be the repository for all the individuals that are shut out in federal court to come over to the California system? And they unanimously and vigorously said, no, we do not. We agree with what the Ninth Circuit has said. We agree with what the Supreme Court has said. HECC, aside from being good law, it's common sense. If you are arrested out in the field and you are convicted on criminal charges arising out of your arrest, whatever they be, felony to infraction, that is a concession in law and in common sense that there was a legitimate reason to arrest you. Don't come to court, assert a false arrest claim, and ask for money after you are a convicted plaintiff because the place for you to fight that battle out is over on the criminal side. It does have to be a lesser-included offense, though, doesn't it? So, for example, if someone were arrested, they claimed there was no probable cause, but they also later claimed that someone stole a watch from them in the police car. That wouldn't be covered, would it? Well, I think that that would be a pretty clear indication that whatever happened happened after the handcuffs are already on. Right, and that's the distinction that your opposing counsel is trying to get us to draw with the factual circumstances here, in effect. He is asking the court to look behind the conviction that was had out in the field and try to figure out if there was really a good reason for it. Well, that's not the function of this court. HECC and the authorities that have been issued by this court have essentially set this panel free and set this court free, set all the parties free, from relitigating what happened out there in the field when plaintiff has pled guilty or no contest, as happened in this case. So unless there are any questions from the panel, I'm prepared to submit it on the briefs. I don't think so. Thank you. I thank the court. Mr. Beck? Let me address the Yount issue and SUSAG. SUSAG is distinguishable from our cases, in our case, is because in SUSAG there was a trial and a conviction of a 148 charge. It doesn't apply to us. The rule that applied to that case was that if you are convicted of 148, the officer is presumed to be in the lawful discharge of his duty, and therefore you cannot allege that in an excessive force claim made against the officer. That's what SUSAG holds. It does not apply HECC in the same manner I'm trying to ensure that HECC is applied. What's your response to Judge Reimer's indication that 415 is a lesser-included offense, just part of the same probable cause underlying circumstances? Well, if the answer to that is lesser-included requires that there be a shared element or many shared elements under California law, that's not the same as saying it's in the same race just act. I think that's what the terms of the argument is. Well, there were, though. This guy was out trying to fondle females, and he was drunken and disorderly, and so on. It's all part of the same thing, isn't it? That's the allegation. We conclude that's false. But the probable cause that existed in this case, as the officers determined it, arose from that set of facts. Correct. Just like the 647 that was dropped. I didn't follow. It all arose out of the same set of facts. I know you want to parse it, but 647 and the 415 arose out of the same set of facts. They did, and the parsing should be available to him because the 415 arose after the seizure. Once you've got that division, as the case law supports everywhere, you can have a valid attack on the original seizure, regardless of what the conviction is that follows it, even if it's temporal. I mean, this is a small temporal issue, but I think it's important to keep the distinction that if we succeed on the challenge of false arrest, that the officers manufactured the F charge, it doesn't call into question or impugn the conviction to the infraction. That's the way I see it. What do you get in damages? Suppose you're right. I mean, suppose there's a plea that still stands. I guess the 415. If that still stands, what is – I'm just trying to understand what would your damages be. I'm just trying to understand what you win by this. Good question. On a practical matter. First of all, we tried the excessive force claim on trial, and then we finally lost it. In both of those trials, the calculus the jury was informed about was that in determining whether the force in this case is reasonable, you have to take into consideration the court's determination that it was a lawful arrest. We lost that excessive force claim because if it had been the other way, if I'm right, they didn't have a right to touch it, and the force claim would have been looked at quite differently. That's what the value of it is. Am I making myself clear? I'm not sure. Okay. But that's over. It's not even before us. Well, I'm asking it that be before you simply because the prejudice to the plaintiff in an excessive force trial, this plaintiff, going to the jury, being told that this is a valid arrest, and then saying that one of the things you must consider when you determine whether the force was unreasonable is whether it was a valid arrest, and the court has now told you that it is, and of course the defense capitalized on it. The jury comes to the determination, well, it was a valid arrest. We don't get to determine that. And because what we see – Are you saying we get a new trial? I'm sort of lost. It's my view, based on this last case I cited in San Jose Ward, if the court takes my position, adopts my position, finds that we were improperly denied our right to false arrest trial, it should also reverse the trial, the judgment of excessive force against us because of the prejudice that that one fact caused. I think your time has expired.  Thank you. Thank you.
judges: Rymer, Smith, Korman